STATE OF MICHIGAN
IN THE 7TH CIRCUIT COURT
COUNTY OF GENESEE

COALITION FOR CLEAN WATER, a
Non-profit organization,

              Plaintiffs,

V.

CITY OF FLINT, a municipal entity, and
CITY OF FLINT ADMINISTRATOR NATASHA
HENDERSON, In her official capacity

              Defendants.

CASE NO.: 15- 10-1900-CZ

HON.   **ARCHIE L. HAYMAN**
              P-37516

*A TRUE COPY*
*Genesee County Clerk*

TRACHELLE C. YOUNG (P63330)
Attorney for Plaintiffs
2501 N. Saginaw Street
Flint, MI 48505
(810) 239-6302
(810) 234-7357 Fax
**trachelleyoung@gmail.com**

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge. I do not know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

### COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF AND VIOLATION OF PLAINTIFFS FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS

NOW COMES Plaintiffs, COALITION FOR CLEAN WATER, by and through their

attorney, Trachelle C. Young, & Assoc., P.L.L.C., by attorney Trachelle C. Young, and for their

Complaint, states as follows:

### Parties, Jurisdiction and Venue

1. Plaintiffs, Coalition for Clean Water (Coalition), is a Michigan nonprofit

    organization, based in Genesee county, Michigan and organized for the purpose of



promoting and ensuring safe, contaminate free drinking water through education, social actions and legal actions designed to eliminate unlawful and illegal actions by all governmental officials, representatives and entities at all levels of government. Coalition for Clean Water is comprised of multiple civic groups, including but not limited to, Concerned Pastors for Social Action, Water You Fighting For, Democracy Defense League Water Task Force, Flint Water Class Action Group, Dr. Laura Sullivan, Phd, 1st Ward City Councilman Eric Mays.

2.  Defendant, City of Flint (hereinafter "Flint"), is a city organized under the constitution and laws of the State of Michigan and is a political subdivision of the State of Michigan.

3.  Defendant, City of Flint Administrator Natasha Henderson, (hereinafter "City Administrator"), is the City's Chief Administrative Officer operating under expanded powers that give her ultimate day to day control over the City.

4.  This matter concerns the City's failure to pass the Environmental Protection Agency's (EPA) locational running annual average (LRAA) of the most recent four quarters water quality tests, thereby subjecting the citizens of Flint to unhealthy, contaminated drinking water.

5.  Venue and jurisdiction are proper in this Court because plaintiffs seeks declaratory and injunctive relief to cease the City of Flint's current methods, acts, and/or practices of utilizing the Flint River as the primary source for drinking water as unlawful due to the proven deleterious health effects on the residents of the City and to require the City to return to using water from the Detroit system, at least

temporarily, before the offer from the Detroit Water and Sewerage System Department (DWSD) expires.

6. Jurisdiction is also proper pursuant to Title XIV of the Public Health Service Act a/k/a The Safe Drinking Water Act (Act), Section 1449, which allows citizens to bring suit against any person or agency allegedly in violation of provisions of the Act.

<u>**General Allegations**</u>

7. That the Coalition incorporates by reference allegations 1 through 6 as though fully set forth herein.

8. That the City of Flint had purchased its drinking water from DWSD for the past thirty plus (30+) years under an original thirty (30) year contract executed in 1964, which continued on a year to year basis.

9. That Genesee County purchased its water from the City to get the Lake source water from DWSD.

10. That the City of Flint River has not been used as a primary source for drinking water in fifty (50) years.

11. That the Flint River hadn't been used as a primary source for drinking water due to a number of threats, including but not limited to improperly disposed of chemicals; animal wastes; pesticides; human wastes; wastes injected deep underground; and naturally-occurring substances affecting surface water.

12. That the source of the water purchased from Detroit was Lake Huron.

13. That Lake water has lower levels of total organic carbon than river water.

14. That Lake water requires a different treatment process than River water.

15. That the City of Flint paid approximately 1 million dollars per month to DWSD for
its delivery of the water.

16. That in 2010, the City began disclosing its interest in joining the Karegnondi Water
Authority (KWA), which sought to build new pipelines from Lake Huron to the
County of Genesee and the City of Flint.

17. That the overall cost of building this pipeline is approximately 600 million dollars
and it is not estimated to be completed until sometime towards the end of 2016.

18. That on April 26, 2010, the Flint City Council voted to join the KWA.

19. That on October 26, 2010, the KWA Board of Trustees met for the first time with
representatives from the incorporating Cities of Flint (**Mayor Dayne Walling**),
Lapeer (City Manager Dale Kerbyson), and County Drain Commissioners of Genesee
(Jeff Wright), Lapeer (John Cosens) and Sanilac (Gregory L. Alexander). Walling
was elected chair.

20. That on April 16, 2013, Flint's Emergency Manager, Ed Kurtz, ended the City's
contract with Detroit by signing a contract with the KWA.

21. That in response to Kurt's actions, on April 17, 2013, the DWSD gave the City of
Flint a one (1) year notice based on the termination of its contract to supply water to
the City of Flint, effective April 17, 2014.

22. That on October 16, 2013, ten additional trustees were added to the board of trustees:
former state House Minority Leader Richard Hammel; **Johsua Freeman**, Flint City
Council; Larry Green, Mt. Morris Township supervisor; Ted Henry, Genesee County
commissioner; Micki Hoffman, Grand Blanc Township supervisor; Steve Landaal,
president of Landaal Packaging; Sheldon Neeley, Flint City Council; Thomas Svcek,

Swartz Creek Department of Public Works director; Tracey Tucker, Flint Township building administrator; and Paula Zelenko, mayor of Burton.

23. That on April 25, 2014, the City of Flint began utilizing the Flint River as its primary source of drinking water.

24. That upon switching to the Flint River water, the City of Flint failed the EPA's LRAA water quality tests on May 21, 2014, August 21, 2014 and November 20, 2014.

25. That as a result of these failed tests, the City of Flint was required to send out Violation Notices to all the residents that stated their water system recently violated a drinking water standard and people who have a severely compromised immune sytem, have an infant, or are elderly may be at increased risk and should seek advice about drinking water from their health providers. See *Exhibit A*

26. This required Notice further stated that the violation was based on elevated levels of total trihalomethanes (TTHM), and that people who drink water containing trihalomethanes in excess of the MCL over many years may experience problems with their liver, kidneys, or central nervous system, and may have an increased risk of getting cancer. See *Exhibit A*

27. That TTHM is an odorless, colorless disinfection byproduct, the fallout of chlorinating water.

28. That in June 2014, Flint emergency manager Darnell Earley finalized the sale of an Eastern Genesee County 9-mile section of water pipeline to Genesee County for $3.9 million.

29. That Genesee County Drain Commissioner Jeff Wright has stated he would allow the City to utilize that 9-mile section of water pipeline if the City goes back to water usage from DSWD.

30. That upon information and belief, that 3.9 million was given directly to the KWA as part of the City's investment in that pipeline.

31. That compliance with EPA standards is calculated using a LRAA of the most recent four (4) quarters.

32. That the City of Flint Mayor admitted the City underestimated the challenges of treating River water.

33. That the City of Flint failed to properly prepare for the transition to River water as a primary drinking source and recklessly endangered the health, safety and welfare of its residents as a result thereof.

34. That in attempting to treat the River water, the City of Flint over chlorinated the water, which directly caused the elevated levels of TTHM.

35. That because the City failed the November 20, 2014 LRAA test, it *cannot* be in compliance with the EPA standards until it passes the February 2015, May 2015, August 2015 and November 2015 tests.

36. That upon information and belief, the City passed the February 2015 tests, was out of compliance at two of the eights sites in March 2015 and passed the May 2015 LRAA tests, but they still required to send out the EPA Violation Notices.

37. That the Notices sent out by the City of Flint appear deceptive and contradicting in that it contains two pages: the first is a colorful, attention grabbing sheet that starts with "**We are pleased to report that the City of Flint water is safe and meets U.S.**

**Environmental Protection Agency guidelines…**" in bold print (See *Exhibit B*); the second sheet is in black and white and is the actual Violation Notice stating that the City is still out of compliance with the maximum contaminant levels for its drinking water, which is not in bold print and the same health warnings and cautions apply. See *Exhibit C*

38. That due to a major community concern, all of the local major grocery stores lowered the cost of bottled water, there have been and continue to be community giveaways of bottled water for low income residents that can't afford to purchase their water, the Flint hospitals began using and offering bottled water, the Department of Human Service's Bureau of Child and Adult Licensing recommended to the Genesee Intermediate School District, which runs a Head Start program in Flint, to use bottled water and said children have since been given bottled, The Flint Children's Museum has stopped the flow of Flint water at its fountains and the list goes on.

39. That there were three boil water advisories in a 22-day span in the summer of 2014 after positive tests for total coliform and fecal coliform bacteria in the Flint River.

40. That in October 2013, General Motors (GM) shut off its usage of Flint River water at its Flint Engine Operations on West Bristol Road because the water was causing corrosion of its engines and the agreement states GM is not required to return to the usage with the City of Flint until it is back to using water from Lake Huron through the KWA.

41. That members of the Coalition, including those with severely compromised immune systems, infants and elderly, have suffered severe health problems that have been

directly connected to the unhealthy, contaminated River water, including but not limited to mysterious rashes on local children, unexplained illnesses and sick pets.

42. That many other residents have complained of health issues as a result of lead, odor, discoloration, turbidity, particles and sediments in the system.

43. That in February 2015, several concerned citizens contacted activist Erin Brockovich seeking assistance with the growing major health impacts of the Flint River usage.

44. That Erin Brockovich did send an expert from Integrated Resource Management, Inc., Bob Bowcock – free of charge – to review the operations at the Flint Water Plant and the quality of the water being distributed.

45. That Mr. Bowcock prepared and submitted to Mayor Walling and the Flint City Council a report dated February 17, 2015, which made several recommendations on the source supply evaluation, the Water Treatment Plant, the Distribution System Operations and Budget & Rate Concerns. See *Exhibit D*

46. That the City of Flint then paid a consulting company, Veolia, $40 thousand dollars (at $900/hr) in March 2015 to conduct a short term assessment of the operation of the water plant, distribution system and customer communications programs and make recommendations.

47. That the Veolia report made numerous long term and costly recommendations, including but not limited to operational changes and improvements, changes in water treatment, procedures and chemical dosing, adjustments in how current technologies are being used, increased maintenance and capital spending, increased training and improved customer communications. See *Exhibit E*

48. That the City of Flint's Capital Improvement Plan states the City needs to invest $50 million dollars to improve its water plant, properly train its plant personnel and to replace pipes.

49. That the City has disclosed its plans to date to invest $5 million dollars in the following manner:

   a. $900,000 in water main leak protection;
   b. $1.6 million fro a Granular Activated Carbon (GAC) Filter at the plant meant to treat the River water;
   c. $2.1 million to replace pipes along Dupont Street (@ $1 million per mile);
   d. $400,000 in water treatment improvements.

50. That likewise, drinking water that is not properly treated or disinfected, or which travels through an improperly maintained distribution system, may also pose a health risk.

51. That the City of Flint received a $2 million dollar grant and Emergency Manager Jerry Ambrose was allowed to restructure $2 million dollars in water loan debts that would have gone to the EPA.

52. That as a result, $4 million of the $5 million being invested did not come from the excessive water rates the City of Flint charges.

53. That upon information and belief, the City has collected approximately $30 million dollars from its water rates to its customers since it began using the Flint River as the primary source.

54. That upon information and belief, the City has a net $10 million in the water fund from the excessive water rates.

55. That this initial $5 million investment doesn't begin to touch the major investment needed to bring the City of Flint Plant to the point it needs to be.

56. That the KWA line will be bringing untreated Lake water to the Flint Water Plant where it will need to be treated.

57. That whether it's River water, Lake water or a combination of both, the City of Flint's Plant needs the necessary and recommended investments made before it is allowed to continue as the treatment plant for the City of Flint's primary source of drinking water.

58. That the City of Flint charges the highest water rates in the county of Genesee and the rates are almost eight times higher than the national average.

59. That MCL 141.121 requires a municipality to base its water rates at the reasonable cost of delivering the service.

60. That the City's water rates have not declined since it began using the Flint River as a primary source of drinking water, but have increased in spite of the fact that the City is not only saving the $1 million dollars it paid Detroit monthly, but also continues to collect from Plaintiffs and its residents.

61. That the unhealthy quality of the water combined with the excessive rates charged by the city have caused residents to move out of the City of Flint or simply go without water consumption.

62. That the human body is 60% water, water is needed for proper circulation respiration and converting food to energy and every human needs water to live.

63. That the residents of the City of Flint have converged to Flint City Council Meetings demanding something be done about the unhealthy River water.

64. That many residents have held protests and marches to protest the poor quality of the expensive Flint River water.

65. That in response to the cry of the people, the Flint City Council voted and passed a Resolution "to do all things necessary" to reconnect Flint to DWSD, which passed 7-1.

66. That the President of the Flint City Council, Josh Freeman, (who sits on the KWA Board) was the lone vote against the Resolution.

67. That Mayor Dayne Walling (Chair of the KWA Board) is also against reconnecting to DWSD.

68. That both Councilman Freeman and Mayor Walling have positions on the KWA Board that have placed them in a conflict of interest of being either unable or unwilling to represent the interests of the constituents they were elected to represent.

69. That the previous Emergency Manager Gerald Ambrose, pursuant to PA 436, gave the City Administrator the authority and ability to implement executive and legislative directives and policies of the Mayor and City Council subject only to a Receivership Advisory Transition Board (Board).

70. That the City Administrator has chosen not to acknowledge, respect or follow the duly adopted resolution by the City Council.

71. That the City of Flint residents and citizens are the only people in the entire County of Genesee that are being forcibly subjected to Flint River water against their will.

72. That Sue McCormick, Director of DWSD, made a personal appearance to the Flint City Council in addition to stating in a letter to Flint that Detroit would sell treated lake water to Flint for a fixed monthly rate of $846,700 and $14.92 per 1,000 cubic feet without a long term deal and with no strings attached.

73. That the offer from DWSD has an expiration of **June 30, 2015** and time is of the essence. See *Exhibit F*

## COUNT 1-CLAIM FOR DECLARATORY RELIEF

74. That the Coalition incorporates by reference allegations 1 through 73 as though fully set forth herein.

75. That a dispute has arisen between the Plaintiffs and Defendants regarding the condition of the City of Flint's water, the City's ability to properly and effectively run the City of Flint Water Plant, whether the water plant operators and personnel are properly trained and certified, the City's ability to treat River water and/or Lake water and whether the City has violated the Safe Drinking Water Act.

76. That Plaintiffs maintain the City of Flint's usage of the Flint River as a primary source of drinking water has and continues to pose a major and serious threat to the health, safety and welfare of the residents of the City of Flint, that the City has not made the necessary investment in the water plant that has been recommended by two experts, that the water plant operators and personnel have not received the recommended and necessary training and certifications to run the plant effectively, that until the City satisfies the EPA standard of passing the four quarterly LRAA tests, it has not proven its ability to effectively treat River and/or Lake water, and that the City has violated the Safe Drinking Water Act.

77. That the Safe Drinking Water Act mandates that states have programs to certify water system operators and make sure that new water systems have the technical, financial, and managerial capacity to provide safe drinking water.

78. That by underestimating the challenges of treating River water, the City of Flint misled the State and failed to have the technical, financial and managerial capacity to provide safe drinking water when they switched from DWSD's lake treated water.

79. That the City of Flint has also failed to demonstrate their ability to properly treat lake water once the transition is made to the KWA.

80. That the decision to switch to the KWA, which led to the termination of the contract with DWSD was never subject to input from the citizens of Flint and they were effectively disenfranchised from any input in such a major decision.

81. That Plaintiffs and the residents of the City of Flint have suffered at the hands of the City of Flint and the City Administrator, both of whom are not acting in the best interest of the residents and citizens of Flint.

82. That the residents and citizens of Flint have a basic and human right to clean drinking water – free of contamination.

83. That an actual and existing controversy exists between the Plaintiffs and the Defendants as to their legal relations in respect to the above identified matters and a declaratory judgment is necessary to guide the Plaintiffs and Defendant's future conduct and in order to preserve and protect the Plaintiffs legal rights.

84. For the reasons set forth above, Plaintiffs seek a declaratory judgment that the City of Flint's usage of the Flint River as a primary source of drinking water has and continues to pose a major and serious threat to the health, safety and welfare of the residents of the City of Flint, that the City has not made the necessary investment in the water plant that has been recommended by two experts, that the water plant operators and personnel have not received the recommended and necessary training and certifications to run the plant effectively, that until the City satisfies the EPA standard of passing the four quarterly

LRAA tests, it has not proven its ability to effectively treat River and/or Lake water, and that the City has violated the Safe Drinking Water Act and such other relief as the Court deems just and appropriate.

## COUNT II. INJUNCTIVE RELIEF

85. That the Coalition incorporates by reference allegations 1 through 84 as though fully set forth herein.

86. Should the Court grant plaintiff declaratory relief, and to the extent that it may be necessary, Plaintiffs seek an Temporary and/or Permanent Injunction restraining the Defendants from continuing to utilize the City of Flint Water Plant to treat the Flint River as the City's primary source of drinking water until it can satisfactorily show compliance with either of the expert recommendations by Veolia or Bob Bowcock and from taking or continuing any action contrary to the declaration of rights sought by Plaintiffs and to appoint a Receiver to run and operate the City water plant until further Order of the Court.

87. That Plaintiffs further seek a Temporary Injunction requiring the City of Flint to utilize the DWSD as its primary source of drinking water until such time as it can demonstrate total compliance with the EPA's quarterly LRAA tests.

88. That if the Court finds that the City can continue run the water plant without the necessary and proper training and personnel and attempt to treat the River water at the expense and against the will of the residents and elected officials, Plaintiffs will suffer immediate and irreparable harm to their health, safety and welfare, particularly the most vulnerable individuals (those with compromised immune systems, the elderly and the infants).

89. That in order to ensure that complete and effective relief is afforded to the Plaintiffs, and should the Court grant Plaintiffs request for declaratory judgment, the public interest would be best served by issuance of a temporary and/or permanent injunction granting such relief as the Court deems just and necessary to effectuate the declaratory relief granted.

**WHEREFORE**, Plaintiff pray that this Honorable Court will declare the rights and responsibilities of the parties hereto, issue a declaratory judgment and Order Temporary and/or Permanent Injunctive Relief as requested.

## COUNT III – VIOLATION OF PLAINTIFF'S FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

90. That the Coalition incorporates by reference allegations 1 through 89 as though fully set forth herein.

91. That the City of Flint has a legal obligation to provide municipal water service to its residents.

92. That the Safe Drinking Water Act requires that the water provided meet certain safety standards.

93. That safe drinking water is a necessity to live.

94. That Plaintiffs have a liberty or property interest in receiving safe drinking water to which procedural due process rights apply.

95. That the 14th Amendment to the US Constitution prohibits states from depriving citizens of "life, liberty, or property" without "due process of law.

96. That Plaintiffs were disenfranchised from the decision to terminate the contract with DWSD by the City's Emergency Manager Ed Kurtz and there was no procedure that accompanied that unilateral decision that allowed input, protests, hearings, concerns or questions by the people that were directly impacted.

97. Said decision resulted in Plaintiffs, residents and citizens of the City being deprived of safe drinking water for a substantial period of time and notice was not reasonably calculated, under all the circumstances, to apprise Plaintiffs and residents of the pendency of the action and afford them an opportunity to present their objections.

98. That no "Notices" were sent to the Plaintiffs or residents of Flint explaining the different type of water source, any preparation for the transition, the proposed treatment process or the capability of the plant and the personnel to treat any water, let alone River water.

99. That if the

100. Defendant Equity did attempt to collect monies that Plaintiffs did not owe and created confusion or misunderstanding with respect to the authority of a salesperson, representative or agent to negotiate the final terms of a transaction, in violation of MCL 445.903(1)(m).

101. Defendant Equity has caused a probability of confusion or misunderstanding as to the legal rights, obligations or remedies of a party to a transaction, in violation of MCL 445.903(1)(n).

102. Defendant Equity has engaged in the practice of making liens against real property of homeowners for association dues, assessments, costs and attorney fees associated with the collection of those fees that are grossly excessive, and unless restrained by this court, will continue to engage in such practice.

**WHEREFORE** , Plaintiffs, by and through their attorney, respectfully requests that this Honorable Court find that Plaintiffs have a liberty or property interest in safe drinking water, that Defendants have violated that right without due process of law and enter judgment in Plaintiffs favor and against Defendants in an amount greater than Twenty-Five Thousand ($25,000.00) Dollars, in accordance with MCL 445.911(3), plus costs, including reasonable attorney fees and grant them such other relief as the Court deems warranted under the circumstances.

<u>**COUNT IV - 42. U.S.C. § 1981 & 1983**</u>

<u>**UNCONSTITUTIONAL DEPRIVATION OF PROPERTWITHOUT DUE
PROCESS**</u>

103.    That the Coalition incorporates and realleges each and every allegation set forth

in paragraphs 1 through 102 and incorporate them herein by reference.

104.    That Section 1983 states, "Every person who, under color of any statute,

ordinance, regulation, custom, or usage, of any State or Territory or the District of

Columbia, subjects, or causes to be subjected, any citizen of the United States or

other person within the jurisdiction thereof to the deprivation of any rights,

privileges, or immunities secured by the Constitution and laws, shall be liable to the

party injured in an action at law, suit in equity, or other proper proceeding for

redress, except that in any action brought against a judicial officer for an act or

omission taken in such officer's judicial capacity, injunctive relief shall not be

granted unless a declaratory decree was violated or declaratory relief was

unavailable."

105.    That Plaintiffs have a liberty or property interest in clean, safe water.

106.    That the City has engaged in a practice that has deprived Plaintiffs of safe, clean

water without due process, including notice, input, or public hearings before, during

or after said deprivation.

107.    That the City has deliberately disenfranchised Plaintiffs and deprived them of

their liberty or property interest in clean, safe water without due process of law, or

just compensation, in violation of the Fourteenth Amendment of the United States

Constitution and Article I § 17 of the Michigan Constitution.

108.    § 1981. Equal rights under the law , states "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

109.    That Plaintiffs are the victims of discriminatory conduct by the City by virtue of the contract between Plaintiffs and the City whereby the City agrees to provide clean, safe water in exchange for Plaintiffs payment of a monthly usage fee.

110.    That the City has breached this contract by failing to provide safe, clean water following their unilateral decision to terminate the contract with DWSD.

111.    That as a result of the City's breach, Plaintiffs have been damaged and deprived of their property interests in safe, clean water without due process of law or just compensation, in violation of the Fourteenth Amendment of the United States Constitution and Article I § 17 of the Michigan Constitution.

**WHEREFORE** , Plaintiffs, by and through their attorney, respectfully requests that this Honorable Court find that Plaintiffs have a liberty or property interest in safe drinking water, that Defendants have violated that right without due process of law and enter judgment in Plaintiffs favor and against Defendants in an amount greater than Twenty-Five Thousand ($25,000.00) Dollars, in accordance with MCL 445.911(3), plus costs, including reasonable attorney fees and grant them such other relief as the Court deems warranted under the circumstances.

*I have read the foregoing complaint and I declare that statements contained therein are true to the best of my knowledge, information and belief. MCR 2.114(B)(2)(B).*

Dated: June 5, 2015

Pastor Allen C. Overton Sr., Coalition For Clean Water, Plaintiff

Dated: June 5, 2015

Pastor Alfred L. Harris, Concerned Pastors For Social Action, Plaintiff

Dated: June 4, 2015

Melissa Mays, Water You Fighting For

Dated: June 5, 2015

Clair McClinton, Democracy Defense League Water Task Force

Dated: June 5, 2015

Florlisa Fowler, Flint Water Class Action Group

Dated: June 5, 2015

Laura Sullivan, PHD

Dated: June 5, 2015

Eric Mays, 1st Ward Flint City Councilman

Respectfully Submitted,

TRACHELLE C. YOUNG & Assoc., PLLC

Dated: June 5, 2015

By: Trachelle C. Young (P63330)
Attorney for Plaintiffs
2501 N. Saginaw Street
Flint, MI 48505