## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

COALITION FOR CLEAN WATER, a
non-profit organization,

        Plaintiff,

v.

CITY OF FLINT, a municipal entity, and CITY
OF FLINT ADMINISTRATOR, NATASHA
HENDERSON, in her official capacity,

        Defendants.

Case No 2:15-cv-12084-SJM-DRG
Hon. Stephen J. Murphy III
Magistrate Judge David R. Grand

_____/

| | |
|---|---|
| Trachelle C. Young (P63330)<br>Attorney for Plaintiff<br>2501 N. Saginaw Street<br>Flint, MI 48505<br>(810) 239-6302<br>trachelleyoung@gmail.com | Anthony Chubb (P72608)<br>Deputy Chief Legal Officer<br>Attorney for Defendants<br>1101 S. Saginaw Street, 3rd Floor<br>Flint, MI 48502<br>(810) 766-7146<br>achubb@cityofflint.com |

_____/

## DEFENDANTS' MOTION TO DISMISS PURSUANT
## TO FED. R. CIV. P. 12(b)(1) and (6)

### ORAL ARGUMENT REQUESTED

Defendants City of Flint and City of Flint Administrator Natasha Henderson, by and through their attorneys, hereby move that this Court dismiss this Plaintiff's Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. As such, Defendants are entitled to dismissal as a matter of law, pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). For the reasons set forth in the attached brief, Defendants respectfully request that this Court grant this motion.

Concurrence in the relief sought in this Motion was requested from Plaintiff's counsel on June 22, 2015. Concurrence was not granted.

                                                   Respectfully submitted by

                                                   **/s/ Anthony Chubb**
                                                   **Anthony Chubb (P72608)**
                                                   CITY OF FLINT
                                                   Attorney for Defendants
                                                   1101 S. Saginaw Street, 3rd Floor
                                                   Flint, MI  48502

Dated:  June 23, 2015                                  (810) 766-7146

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

COALITION FOR CLEAN WATER, a
non-profit organization,

          Plaintiff,

v.

CITY OF FLINT, a municipal entity, and CITY
OF FLINT ADMINISTRATOR, NATASHA
HENDERSON, in her official capacity,

          Defendants.

Case No 2:15-cv-12084-SJM-DRG
Hon. Stephen J. Murphy III
Magistrate Judge David R. Grand

/

| | |
|---|---|
| Trachelle C. Young (P63330) | Anthony Chubb (P72608) |
| Attorney for Plaintiff | Deputy Chief Legal Officer |
| 2501 N. Saginaw Street | Attorney for Defendants |
| Flint, MI 48505 | 1101 S. Saginaw Street, 3rd Floor |
| (810) 239-6302 | Flint, MI 48502 |
| trachelleyoung@gmail.com | (810) 766-7146 |
| | achubb@cityofflint.com |

/

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO
## DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1) AND (6)

## ORAL ARGUMENT REQUESTED

## TABLE OF CONTENTS

Table of Contents ................................................................................................ i

Statement of Issues Presented ............................................................................ ii

Concise Statement of the Reasons and Authority Supporting Motion ............................ ii

Index of Authorities ............................................................................................ ii

I.     Introduction ............................................................................................ 1

II.    Background ............................................................................................. 1

III.   Argument ............................................................................................... 2

   A.     Standards of Review ......................................................................... 2

      1.     Fed. R. Civ. P. 12(b)(1) ............................................................ 2

      2.     Fed. R. Civ. P. 12(b)(6) ............................................................ 2

   B.     Dismissal of Counts I and II is Warranted Because Plaintiff has Failed to Satisfy the Notice Requirement of 42 U.S.C. §300j-8(2) and the Court Therefore Lacks Subject Matter Jurisdiction Over Those Counts ............................................................................ 3

   C.     Even if Subject Matter Jurisdiction is Somehow Established, Dismissal of Counts I and II is also Warranted Because Plaintiff's Complaint Fails to Allege a Valid Cause of Action ... 4

   D.     Dismissal of Counts III and IV is Warranted Because the SDWA is a Comprehensive Remedial Scheme Precluding Parallel Constitutional Claims And Plaintiff Has Therefore Failed to State a Claim On Which Relief Can Be Granted ......................................................... 5

IV.    Conclusion ............................................................................................. 7

## STATEMENT OF ISSUES PRESENTED

1) Should Count I and II of Plaintiff's Complaint be dismissed for a lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1)?

>   Defendants' answer "Yes."

>   Plaintiff's answer "No."

2) Should all Counts of Plaintiff's Complaint be dismissed for failure to state a claim upon which relief can be granted?

>   Defendants' answer "Yes."

>   Plaintiff's answer "No."

## CONCISE STATEMENT OF THE REASONS AND AUTHORITY SUPPORTING MOTION

Defendants seek dismissal of Plaintiff's claims because Plaintiff has failed to meet the statutory notice requirements for its claims, has failed to allege the specific statutory or regulatory violations, and has pled claims under §1983 that are precluded by the Safe Drinking Water Act. Defendants rely upon the following controlling and/or persuasive authority:

## INDEX OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). ............................................................... 3

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ...................................... 3, 4

*Charvat v. E. Ohio Reg'l Wastewater Auth.*, 246 F.3d 607, 614-615 (6th Cir. 2001) ................... 6

*Curtis v City of Bullhead*, 69 Fed. Appx. 377 (9th Cir 2003) ........................................ 4

*Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) ........................... 3

*Hallstrom v. Tillamook County*, 493 U.S. 20, 32 (1989) ........................................................... 3

*Mattoon v. City of Pittsfield*, 980 F.2d 1, 5-6 (1st Cir. 1982) ................................................. 6

*Middlesex County Sewarage Auth. V. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 20 (1981)............. 6

*Moir v. Greater Cleveland Regional Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) ................ 2

*Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986) ................................................. 2

*Smith v Robinson*, 468 U.S. 992, 1009 (1984) ....................................................................... 5

*Sutton v. Metro. Gov't of Nashville and Davidson Cnty.*, 700 F.3d 865, 871 (6th Cir. 2012) ....... 3

*United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) ........................................................... 2

## Statutes

42 U.S.C. §1983 .......................................................................................................... 1

42 U.S.C. §300f .......................................................................................................... 1

42 U.S.C. §300j-8 .................................................................................................. 1, 3, 4

## Rules

Fed. R. Civ. P. 12 ................................................................................................. 1, 2, 5, 7

Fed. R. Civ. P. 8 ............................................................................................................ 3

## Regulations

40 CFR 135.12 ............................................................................................................ 5

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO**
**DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1) AND (6)**

## I.     INTRODUCTION

This is a civil suit for declaratory and injunctive relief pursuant to the Safe Drinking Water Act (hereinafter "SDWA"), 42 U.S.C. §300f *et seq.*, as well as for monetary damages pursuant to 42 U.S.C. §1983. Plaintiff is a non-profit organization allegedly organized under Michigan law. Defendants are the City of Flint (hereinafter "Flint"), a municipal corporation organized pursuant to the Michigan Home Rule City Act, and Natasha Henderson, City Administrator (hereinafter "City Administrator") for the City of Flint, in her official capacity.

In lieu of filing an Answer, Defendants move for dismissal of all counts of Plaintiff's Complaint. First, Plaintiff has failed to satisfy the statutory notice requirements of 42 U.S.C. §300j-8(2), and the Court therefore lacks subject matter jurisdiction over claims in Counts I and II. Dismissal of Counts I and II is therefore warranted pursuant to Fed. R. Civ. P. 12(1) and required by Fed. R. Civ. P. 12(h)(3).

In addition, the allegations in Counts I and II of Plaintiff's Complaint fail to identify the statutory or regulatory requirement allegedly violated by Flint or the City Administrator, while the allegations in Counts III and IV of Plaintiff's Complaint are precluded by the SDWA as parallel constitutional claims. Plaintiff has thus failed to state a claim under which relief can be granted and dismissal is warranted pursuant to Fed. R. Civ. P. 12(b)(6).

## II.     BACKGROUND

The City of Flint owns and operates a water distribution and treatment system. Prior to 2014, the City of Flint purchased its water from the City of Detroit, which sourced its water from Lake Huron. In April of 2014, Flint stopped purchasing water from the City of Detroit and began utilizing the Flint River as its primary source of water. Due to unexpected challenges of treating

1

river water, Flint failed to pass Environmental Protection Agency (EPA) water quality tests in May, August, and November of 2014. Flint has since passed the EPA water quality tests in February and May of 2015, but continues to send out notices as required, since the average test results over the previous year remain out of compliance.

### III.  ARGUMENT

#### A.  STANDARDS OF REVIEW

##### 1.  Fed. R. Civ. P. 12(b)(1)

A Rule 12(b)(1) motion to dismiss tests whether the Court has subject matter jurisdiction over the claims in Plaintiff's Complaint. Fed. R. Civ. P. 12(b)(1). A court that lacks subject matter jurisdiction over a case must dismiss that case. Fed. R. Civ. P. 12(h)(3). The plaintiff has the burden of proving subject matter jurisdiction. *Moir v. Greater Cleveland Regional Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990); *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986).

12(b)(1) motions are either factual or facial attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Facial attacks challenge the pleading itself, and are resolved under the same standard as a 12(b)(6) motion (i.e.. all well-pleaded allegations are accepted as true and construed in the light most favorable to the non-movant). *Id.* A factual attack, in contrast, challenges the factual existence of subject matter jurisdiction. *Id.* With a factual attack, the court does not presume the truth of the allegations and is free to "weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.*

##### 2.  Fed. R. Civ. P. 12(b)(6)

A Rule 12(b)(6) motion to dismiss tests whether the well-pleaded allegations in the Plaintiff's Complaint state a claim under which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Complaint must allege "sufficient facts that, accepted as true, 'state a claim to relief that is

2

plausible on its face.'" *Sutton v. Metro. Gov't of Nashville and Davidson Cnty.*, 700 F.3d 865, 871 (6th Cir. 2012) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the . . . plead[ed] factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 8(a)(2) requires that a Complaint contain "a short a plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard, while not requiring "detailed factual allegations," does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Conclusory allegations are not entitled to the assumption of truth. *Iqbal,* at 679; *see Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.").

**B.**  **DISMISSAL OF COUNTS I AND II IS WARRANTED BECAUSE PLAINTIFF HAS FAILED TO SATISFY THE NOTICE REQUIREMENT OF 42 U.S.C. §300J-8(2) AND THE COURT THEREFORE LACKS SUBJECT MATTER JURISDICTION OVER THOSE COUNTS**

The SDWA creates a civil cause of action against any person, including a governmental instrumentality, alleged to be in violation any requirement prescribed by or under the SDWA. 42 U.S.C. §300j-8(a)(1). However, the SDWA prohibits this civil cause of action unless the plaintiff has given notice of such violation to the Administrator of the Environmental Protection Agency (EPA), the alleged violator, and the State in which the violation occurs. 42 U.S.C. §300j-8(b)(1). Failure to give such notice deprives the Court of subject matter jurisdiction. *See Hallstrom v. Tillamook County*, 493 U.S. 20, 32 (1989) (holding that failure to comply with an identically worded provision in the Resource Conservation and Recovery Act acted as a total bar to suit);

3

*see also Curtis v City of Bullhead*, 69 Fed. Appx. 377 (9th Cir 2003) (upholding dismissal of SDWA claims due to lack of subject matter jurisdiction resulting from insufficient notice).

Counts I and II allege violations of the SDWA. Plaintiff has utterly failed to allege the required notice to any of the three persons listed in subsection (b)(1). Furthermore, on information and belief, Plaintiff has not only failed to *allege* that such notice was provided, but has in fact failed to *provide* such notice. Defendants thus factually attack the Court's subject matter jurisdiction in this matter. Since Plaintiff bears the burden of proving subject matter jurisdiction, Plaintiff must show that the proper notice was given to all three of the persons named in subsection (b)(1). Absent such a showing, a civil action in this matter will be barred by statute, the Court will lack subject matter jurisdiction, and dismissal of Counts I and II is required pursuant to Rule 12(h)(3).

**C.    EVEN IF SUBJECT MATTER JURISDICTION IS SOMEHOW ESTABLISHED, DISMISSAL OF COUNTS I AND II IS ALSO WARRANTED BECAUSE PLAINTIFF'S COMPLAINT FAILS TO ALLEGE A VALID CAUSE OF ACTION**

A civil action pursuant to the SDWA must allege a violation of a requirement of or under the SDWA. 42 U.S.C. §300j-8(a)(1). While Counts I and II of Plaintiff's Complaint allege that "the City has violated the Safe Drinking Water Act," such an allegation is the essence of a "formulaic recitation of the elements of a cause of action." Nowhere does Plaintiff allege which specific regulation or statutory provision of the SDWA has been violated. Under the Federal pleading standard, simply alleging a variety of purported errors or misdeeds is insufficient – the purported errors or misdeeds must constitute a violation of a specific provision of the SDWA. *See Twombly*, 550 U.S. at 555. Plaintiff's allegations of a violation of the SWDA are purely conclusory and not entitled to acceptance by the Court.

4

The insufficiency of Plaintiff's allegation of a violation is further illustrated by comparing them with the promulgated regulations on notice. Federal regulations require that:

> "Notice regarding an alleged violation of any requirement prescribed by or under the Act shall include sufficient information to permit the recipient to **identify the specific requirement alleged to have been violated,** the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of the alleged violation, and the full name, address, and telephone number of the person giving notice."

40 CFR 135.12(a) (emphasis added). This regulation creates the rule for sufficient notice of an alleged SWDA violation. Plaintiff's allegations do not meet this standard, and Plaintiff should be held to no lesser standard in a civil action. Plaintiff has thus failed to state a claim upon which relief can be granted. Dismissal of Counts I and II of Plaintiff's Complaint is therefore also warranted pursuant to Fed. R. Civ. P. 12(b)(6).

**D.    DISMISSAL OF COUNTS III AND IV IS WARRANTED BECAUSE THE SDWA IS A COMPREHENSIVE REMEDIAL SCHEME PRECLUDING PARALLEL CONSTITUTIONAL CLAIMS AND PLAINTIFF HAS THEREFORE FAILED TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED**

The Supreme Court of the United States has determined that a civil rights claim pursuant to 42 U.S.C. §1983 may be precluded by other Federal statutes. *Smith v Robinson*, 468 U.S. 992, 1009 (1984). To preclude a §1983 claim, the claims under both §1983 and the other Federal statute must be "virtually identical," and the other Federal statute must provide a scheme of remedies comprehensive enough to be exclusive. *Id.* Both conditions must be satisfied in order for a §1983 claim to be precluded. *Id.* The Sixth Circuit has not yet addressed whether the SDWA's civil cause of action precludes parallel claims under §1983.[1] However, the First Circuit

---

[1] The Sixth Circuit has determined that the whistleblower protections of the SDWA do not preclude a parallel §1983 claim for violations of First Amendment civil rights. *Charvat v. E. Ohio Reg'l Wastewater Auth.*, 246 F.3d 607, 614-

has examined this issue in detail and concluded that the SDWA preempts parallel §1983 claims. *Mattoon v. City of Pittsfield*, 980 F.2d 1, 5-6 (1st Cir. 1982). The First Circuit's analysis is sound and instructive.

The Supreme Court has held that §1983 suits can be precluded by other similar federal statutes. *See Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 20 (1981) (holding that §1983 claims are precluded by the Federal Water Pollution Control Act and the Marine Protection, Research, and Sanctuaries Act). In *Matoon*, the First Circuit held that, similar to the statutes examined in *Sea Clammers*, the SDWA (1) establishes an elaborate enforcement scheme, with rights of action on both government and private citizens; (2) civil actions can result in compelled compliance, compliance orders, and civil penalties; (3) states are invested with primary enforcement authority after the Administrator of the EPA determines that the state has adopted sufficient regulations and procedures; (4) private actions are allowed pertaining to the nationwide regulations and standards; and (5) citizens may initiate proceedings against violators as well as against the Administrator for failure to perform non-discretionary duties. *Mattoon* at 5-6. Using this analysis, the SDWA clearly provides a comprehensive scheme of remedies that should be considered exclusive.

The only remaining question is whether Plaintiff's claims under §1983 are "virtually identical" to their claims under the SDWA. Counts III and IV of Plaintiff's Complaint request that the Court "find that Plaintiffs (sic) have a liberty or property interest in safe drinking water, that Defendants have violated that right without due process of law . . ." Pl. Compl. at 16, 18. In comparison, Counts I and II of Plaintiff's Complaint ask the Court for a declaratory judgment in

---

615 (6th Cir. 2001). However, the analysis was particular to the whistleblower section of the SDWA, 42 U.S.C. §300j-9, which is different from that of the civil action section relevant to this case. *See* 42 U.S.C. §300j-8.

regards to the alleged lack of safe drinking water provided by Flint, and injunctive and/or declaratory relief as regards to the same. Pl. Compl. at 13-15.

Except for artfully pleading a constitutional claim, Plaintiff's §1983 claims in Counts III and IV and its SDWA claims in Counts I and II are clearly identical, as both revolve around the alleged failure of Flint to provide safe drinking water to Plaintiff. The SDWA clearly provides a comprehensive remedial scheme. Counts III and IV of Plaintiff's Complaint fail to state a claim on which relief can be granted, because Plaintiff's §1983 claims are precluded by the SDWA. Dismissal of Counts III and IV is therefore warranted pursuant to Fed. R. Civ. P. 12(b)(6).

## IV.    CONCLUSION

Plaintiff's failure to provide the notice required by the SDWA deprives the Court of subject matter jurisdiction over Counts I and II, and dismissal of those counts, pursuant to Fed. R. Civ. P. 12(b)(1) is therefore required by Fed. R. Civ. P. 12(h)(3). In addition, Counts I and II fail to state a claim on which relief can be granted because they fail to allege which specific statutory or regulatory requirements were violated, warranting dismissal of Counts I and II pursuant to Fed. R. Civ. P. 12(b)(6). Counts III and IV are parallel Constitutional claims that are precluded by the SDWA and Plaintiff has failed to state a claim on which relief can be granted, warranting dismissal of those counts pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted by

/s/ Anthony Chubb
**Anthony Chubb (P72608)**
CITY OF FLINT
Attorney for Defendants
1101 S. Saginaw Street, 3rd Floor
Flint, MI 48502
(810) 766-7146

Dated: June 23, 2015

7

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 23, 2015, I electronically filed the foregoing document with the Clerk of the Court using the ECF system.

<u>/s/ Anthony Chubb</u>
**Anthony Chubb (P72608)**

8